United States District Court
Southern District of Texas

**ENTERED**

June 09, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST HUDSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-00072 |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis (ECF 5), filed his original Complaint in January 2026 alleging claims against Defendants Navy Federal Credit Union ("Navy Federal"), Capital One Auto Finance ("Capital One"), and Equifax Information Services, LLC ("Equifax").[1]  ECF 1.  In March 2026, Plaintiff filed his First Amended Complaint, which asserts claims only against Defendant Capital One. ECF 8.  In April 2026, Plaintiff filed a Second Amended Complaint which asserts only a single claim against Defendant Capital One.  ECF 15.  Although Plaintiff filed the Second Amended Complaint without leave of court, the Court denied Capital One's Motion to Strike and deemed the Second Amended Complaint Plaintiff's operative pleading.  ECF 34.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

When a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. 1915(e)(2)(B)(ii).  *See also Elder v. Bass*, No. 24-30653, 2025 WL 2219005, at *1 (5th Cir. Aug. 5, 2025) (explaining that the district court shall consider dismissal sua sponte if plaintiff proceeds in forma pauperis); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) ("When a party . . . proceeds *in forma pauperis*, the district court has the power on its own motion to dismiss the case for failure to state a claim.").  The power of sua sponte dismissal is limited by the requirement that plaintiff must have notice of the perceived inadequacy and the opportunity to respond.  *Id.*

The original Complaint (ECF 1) pleaded facts and claims related to Navy Federal and Equifax, but the First and Second Amended Complaints (ECF 8; ECF 15) each superseded and nullified all prior complaints.  *See New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (explaining that an amended complaint renders the prior complaint of no legal effect unless the amended complaint specifically incorporates the prior pleading by reference).  The Second Amended Complaint does not allege a claim against Navy Federal[2] or Equifax, and by failing to incorporate

---

[2] Navy Federal notes the same issue in its Motion to Dismiss (ECF 30 at 3-4), but that Motion is not ripe for adjudication.

claims from prior pleadings by reference, Plaintiff abandoned those claims. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 449 (S.D. Tex. 2012) (collecting cases).  Plaintiff's pro se status does not excuse compliance with pleading rules, alter the effect of his amendments, or prevent abandonment of his claims. *See, e.g.*, *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 n.1 (5th Cir. 2023) (noting pro se plaintiff's amended complaint, which omitted several of her original claims, superseded the original complaint); *Trimble v. Louisiana State Univ. Sys.*, No. CV 22-351-SDD-RLB, 2023 WL 1808355, at *4 (M.D. La. Jan. 4, 2023) (finding that pro se plaintiff abandoned claims by failing to include them in amended complaint), *report and recommendation adopted,* No. CV 22-351-SDD-RLB, 2023 WL 1802405 (M.D. La. Feb. 7, 2023); *Rousset v. AT & T Inc.*, No. A-14-CV-0843-LY-ML, 2015 WL 1880227, at *2 (W.D. Tex. Apr. 22, 2015).  The filing of two successive amended complaints, both of which abandon all claims against Navy Federal and Equifax, constitutes abandonment of those claims.

Put differently, Plaintiff's Second Amended Complaint fails to state a claim against Navy Federal or Equifax because it pleads no facts or claims related to either defendant.  ECF 15.  *See also Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (explaining where a party fails to plead any facts in support of a cause of action it fails to state a claim).  Neither party is mentioned in the Second Amended Complaint, and Plaintiff restyled the caption to exclude Navy Federal and

Equifax.  ECF 15.  *See Brooks v. Firestone Polymers, LLC*, No. 1:12-CV-325, 2013 WL 12222371, at \*2 (E.D. Tex. Feb. 28, 2013) (dismissing defendant where plaintiff's complaint pleaded no facts or claims against defendant and only mentioned it once in the complaint).  Therefore, Plaintiff has failed to state a claim against Navy Federal and Equifax, so any claims as to those parties should be dismissed.

The Magistrate Judge's recommendation of dismissal provides Plaintiff with the required notice and Plaintiff has 14 days to file an objection and explain why the claims against Navy Federal and Equifax should not be dismissed. *See Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (explaining that plaintiff who filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

For the reasons stated above, the Court RECOMMENDS that all claims against Defendants Navy Federal and Equifax be DISMISSED.  The Court further RECOMMENDS that Defendant Navy Federal's Motion to Dismiss (ECF 30) be TERMINATED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking

4

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 09, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge